**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PAMELA HALL**, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**KENNAMETAL INC.**,<br>c/o CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CASE NO. 2:26-cv-887**<br><br>**JURY DEMAND ENDORSED HEREON**<br><br>**COMPLAINT – COLLECTIVE & CLASS ACTION** |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Named Plaintiff Pamela Hall, individually and on behalf of others similarly situated, files her Collective and Class Action Complaint against Defendant Kennametal Inc. for its failure to pay its employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA") and Ohio law. 29 U.S.C. §§ 201, *et seq.*; and O.R.C. § 4111.03 ("Ohio Wage Act"). The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The Ohio Wage Act claim is brought as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA and 28 U.S.C. § 1331.

2. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant maintains its principal place of business in this District, Defendant is incorporated in the

Commonwealth of Pennsylvania, Defendant is subject to personal jurisdiction in this District, and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## II. PARTIES

### A. Named Plaintiff

3. Named Plaintiff is an individual, a United States citizen, and a resident of the State of Ohio.

4. Named Plaintiff was employed by Defendant from approximately January 2022 through March 2026.

5. Named Plaintiff was employed as an hourly, non-exempt employee as defined by the FLSA at Defendant's facility in Orwell, Ohio, specifically as an Operator.

6. During her employment, Named Plaintiff worked 40 or more hours in one or more workweek(s).

7. At all times relevant, Named Plaintiff performed non-exempt duties in furtherance of Defendant's business of manufacturing industrial parts and cutting tools.

8. Named Plaintiff's Consent to Join form is filed herewith. *See* **Exhibit A**.

### B. Defendant

9. Defendant is a domestic for-profit corporation registered in Pennsylvania and authorized to do business in Ohio

10. Defendant is engaged in the production of various industrial materials, engine parts, and cutting tools for use in a variety of industries.[1]

[1] *About Us,* KENNAMETAL, https://www.kennametal.com/us/en/about-us.html (last visited May 12, 2026).

11. Defendant currently owns, operates, and/or manages approximately 10 manufacturing facilities across the United States.[2]

12. At all relevant times, Defendant has had direct or indirect control and exercised authority over Named Plaintiff and other similarly situated production/manufacturing employees' working conditions.

13. At all relevant times, Defendant has had direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiff and other similarly situated production/manufacturing employees at all locations operated and managed by Defendant. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated production/manufacturing employees.

14. At all relevant times, Defendant has had the authority to hire and fire Named Plaintiff and other similarly situated production/manufacturing employees, supervise and control their work schedules and conditions, determine their rate and method of pay, and/or maintain their employee records.

15. Upon information and belief, Defendant applies or causes substantially the same employment policies, practices, and procedures to be applied to employees at all of Defendant's locations, including policies, practices, and procedures relating to the payment of wages, overtime, and timekeeping.

16. At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated production/manufacturing employees to work. The work that Named Plaintiff

[2] *Careers*, KENNAMETAL CAREERS, https://jobs.kennametal.com/content/location/?locale=en_US (last visited May 12, 2026).

and other similarly situated production/manufacturing employees performed was for Defendant's benefit.

17. Defendant was an "employer" of its employees at all its locations as defined herein, and/or for the purposes of the FLSA.

18. At all relevant times, Defendant, as a corporation producing aerospace and trucking products, was an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

19. At all relevant times, Defendant has had an annual gross volume of sales made, or business done, of not less than $500,000 each year.

20. At all relevant times, Defendant has had employees engaged in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce.

21. Upon information and belief, Defendant, at all relevant times, was fully aware that it was legally required to comply with the wage and overtime laws of the United States and the state of Ohio.

## III. FACTS

22. Named Plaintiff and other similarly situated production/manufacturing employees (1) worked for Defendant as hourly non-exempt employees and (2) worked 40 or more hours in one or more workweek(s) during the three years immediately preceding the filing of this Complaint.

23. During their employment with Defendant, Named Plaintiff and other similarly situated production/manufacturing employees were required to clock in and out on Defendant's time clocks, which Defendant controlled. Accordingly, at the beginning of their workday, Named

Plaintiff and other similarly situated production/manufacturing employees clocked in and started performing their compensable work duties. Likewise, Named Plaintiff and other similarly situated production/manufacturing employees performed their compensable work duties until they clocked out for the day.

24. Even though they were performing compensable work, Named Plaintiff and other similarly situated production/manufacturing employees were not paid for all hours worked due to Defendant's policies and practices. Pursuant to Defendant's time rounding policy, Defendant rounded Named Plaintiff's and other similarly situated production/manufacturing employees' hours worked down to their detriment and in Defendant's favor. This resulted in unpaid overtime compensation to Named Plaintiff and other similarly situated production/manufacturing employees.

25. The compensable unpaid work that Named Plaintiff and other similarly situated production/manufacturing employees performed without pay occurred before the start of their scheduled shifts and after the end of their scheduled shifts and included, but was not limited to, gathering and donning their mandatory personal protective equipment ("PPE"), engaging in mandatory shift pass down meetings, and doffing their mandatory personal protective equipment.

26. Specifically, before the start of their scheduled shifts, Named Plaintiff and other similarly situated production/manufacturing employees were required by Defendant to gather and don their PPE at work. This PPE included various items such as lab coats, cut-resistant gloves, rubber gloves, and face shields. They were likewise required to doff this PPE at work at the end of their scheduled shifts.

27. Defendant required the use of this PPE because the work environment exposed Named Plaintiff and other similarly situated production/manufacturing employees to hazardous

conditions inherent to Defendant's manufacturing operations. Without donning and doffing the required PPE, Named Plaintiff and other similarly situated production/manufacturing employees could not safely or lawfully perform their job duties. The PPE was not merely worn for convenience or comfort, but was a functional prerequisite for engaging in the productive work for which they were engaged. Thus, donning and doffing the PPE was integral and indispensable to Named Plaintiff's and other similarly situated production/manufacturing employees' principal work activities. Defendant did not pay Named Plaintiff and other similarly situated production/manufacturing employees for the time they spent donning and doffing their mandatory PPE, which resulted in unpaid overtime compensation to them

28. After gathering and donning their PPE, Named Plaintiff and other similarly situated production/manufacturing employees would then engage in shift pass down meetings, which were required by Defendant and conducted for the primary benefit of Defendant. They likewise participated in these shift pass down meetings at the end of their scheduled shifts before leaving their work area and doffing their PPE.

29. During the shift pass down meetings, employees communicated critical operational information, including but not limited to the status of ongoing work, safety concerns, equipment conditions, and other matters necessary for the safe and efficient continuation of Defendant's operations. The time spent participating in shift pass down meetings was integral and indispensable to Named Plaintiff's and other similarly situated production/manufacturing employees' principal work activities. Defendant did not pay Named Plaintiff and other similarly situated production/manufacturing employees for the time they spent participating in mandatory shift pass down meetings, which resulted in unpaid overtime compensation to them.

30. During relevant times, Defendant knew of and acted willfully regarding its conduct described herein. Defendant knew Named Plaintiff and others similarly situated worked without compensation for all overtime hours.

31. The FLSA requires Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

32. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. See 29 C.F.R. § 516.2.

33. Defendant failed to track, keep, or transmit the hours accurately worked each day by Named Plaintiff and other similarly situated production/manufacturing employees.

34. Defendant willfully transmitted inaccurate and/or incomplete records to payroll for compensation purposes, which do not include all work performed. The incorrect and/or incomplete records had the direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiff and other similarly situated production/manufacturing employees.

35. Thus, Defendant willfully did not record and pay all hours worked in violation of the FLSA and violated the FLSA's recordkeeping requirements.

36. Upon information and belief, Defendant applied these same policies to all its hourly, non-exempt production/manufacturing employees at all its locations.

37. As a result of Defendant's companywide policy and/or practice described herein, Defendant knew or had reason to know that it was not compensating Named Plaintiff and other similarly situated production/manufacturing employees for all hours worked.

38. Defendant is in possession and control of the necessary documents and information from which Named Plaintiffs would be able to calculate damages, and/or Defendant otherwise failed to keep such records.

## IV. FLSA COLLECTIVE ALLEGATIONS & COLLECTIVE ACTION STATEMENT

39. Named Plaintiff brings her FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a representative action for herself and all other similarly situated production/manufacturing employees of the opt-in collective. The FLSA collective consists of the following:

> **All current and former hourly, non-exempt production/manufacturing employees of Defendant who were paid for at least 40 hours of work in any workweek beginning three years before the filing date of this Complaint and continuing through the final disposition of this case (hereinafter the "FLSA Collective" or "Potential FLSA Collective Members").**[3]

40. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

41. In addition to Named Plaintiff, the Potential FLSA Collective Members have been denied proper overtime compensation due to the companywide time and pay policies and/or practices described herein. Defendant failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the Potential FLSA Collective Members overtime wages for all

[3] Named Plaintiff reserves the right to amend her definition of whom she seeks to send Court-authorized notice of this action to.

overtime hours worked. Named Plaintiff is representative of those other similarly situated production employees and is acting on behalf of their interests as well as her own in bringing this action.

42. The identities of the Potential FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the collective adjudication of their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

43. The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiff and the Potential FLSA Collective Members overtime wages. Thus, Defendant enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the Potential FLSA Collective Members.

## V. RULE 23 CLASS ALLEGATIONS & CLASS ACTION STATEMENT

44. Named Plaintiff brings her Ohio Wage Act claims pursuant to Rule 23 as a class action on behalf of herself and all other members of the following class:

> **All current and former hourly, non-exempt production/manufacturing employees of Defendant who were paid for at least 40 hours of work in any workweek beginning two years before the filing date of this Complaint and continuing through the final disposition of this case (hereinafter the "Ohio Rule 23 Class" or "Ohio Rule 23 Class Members").**

45. During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members worked at least 40 hours per workweek, but they were not paid overtime premium for all hours worked in excess of 40 because of Defendant's policies and/or practices described herein.

46. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all

members is impracticable.

47. Named Plaintiff is a member of the Ohio Rule 23 Class, and her claims for unpaid wages are typical of the claims of the Ohio Rule 23 Class.

48. Named Plaintiff will fairly and adequately represent the interests of the Ohio Rule 23 Class.

49. Named Plaintiff has no interest that is antagonistic to or in conflict with the interests of the Ohio Rule 23 Class that she has undertaken to represent.

50. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

51. Questions of law and fact are common to the Ohio Rule 23 Class.

52. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistency or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

53. Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class.

54. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to available alternative methods for the fair and efficient adjudication of this litigation.

55. Questions of law and fact that are common to the Ohio Rule 23 Class include but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to properly pay the Ohio Rule 23 Class for hours worked in excess of 40 per workweek; (b) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (c) what amount of unpaid and/or

withheld overtime compensation is due to Named Plaintiff and other members of the Ohio Rule 23 Class because of Defendant's violations of the Ohio Wage Act; and (d) what amount of liquidated damages and prejudgment interest is due to the Ohio Rule 23 Class members for unpaid overtime or other compensation that was withheld or otherwise not paid to them.

56. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damage sustained by individual members is modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI. CAUSES OF ACTION

### COUNT I:
### FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME

57. All of the preceding paragraphs are realleged as if fully rewritten herein.

58. This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective.

59. The FLSA requires that employees receive overtime compensation for hours worked over 40 per workweek. 29 U.S.C. § 207(a)(1).

60. During the three years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the Potential FLSA Collective Members.

61. Named Plaintiff and the Potential FLSA Collective Members regularly worked in excess of forty (40) hours in one or more workweeks.

62. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to compensate them for overtime wages for all hours worked over 40 hours in a workweek because of Defendant's policies and/or practices described herein.

63. Defendant also violated the FLSA by failing to maintain and preserve payroll or other records containing, among other things, the hours worked each workday, and the total hours worked each workweek. *See* 29 C.F.R. §§ 516.2, *et seq*.

64. Named Plaintiff and the Potential FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

65. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Potential FLSA Collective Members are entitled.

66. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the Potential FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

67. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the Potential FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the Potential FLSA Collective Members.

## <u>COUNT II</u>:
## O.R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME

68. All of the preceding paragraphs are realleged as if fully rewritten herein.

69. This claim is brought under the Ohio Wage Act.

70. Named Plaintiff and the Ohio Rule 23 Class Members have been or remain employed by Defendant, and Defendant is an employer covered by the overtime requirements under the Ohio Wage Act.

71. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

72. Named Plaintiff and the Ohio Rule 23 Class Members worked more than the maximum weekly hours permitted under Section 4111.03 but were not paid overtime for all hours worked over 40 in a workweek.

73. Named Plaintiff and the Ohio Rule 23 Class Members were not exempt from the wage protections of the Ohio Wage Act.

74. Defendant's repeated and knowing failures to pay overtime wages to Named Plaintiff and the Ohio Rule 23 Class Members violated the Ohio Wage Act, and, as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Ohio Rule 23 Class Members were entitled.

75. For Defendant's violations of the Ohio Wage Act, by which Named Plaintiff and the Ohio Rule 23 Class Members have suffered and continue to suffer damages, Named Plaintiff

seeks unpaid overtime and other compensation, liquidated damages, interest, and attorneys' fees, and all other remedies available on behalf of herself and the Ohio Rule 23 Class Members.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Directing Defendant to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, remuneration, timekeeping, and related records of the FLSA Collective Members;

B. Directing Defendant to provide all contact information, including but not limited to names, dates of employment, mailing addresses, telephone numbers, and email addresses of the FLSA Collective Members;

C. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

D. Certifying the proposed Ohio Rule 23 Class under the Ohio Wage Act;

E. Finding that Defendant failed to keep accurate records in accordance with the Ohio Wage Act and that, as a result, Named Plaintiff, the FLSA Collective, and the Ohio Rule 23 Class are entitled to prove their hours worked with reasonable estimates;

F. Awarding to Named Plaintiff and the FLSA Collective Members who join the case unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

G. Awarding to Named Plaintiff and the Ohio Rule 23 Class unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the Ohio Act;

H. Awarding to Named Plaintiff, the FLSA Collective Members who join the case, and

the Ohio Rule 23 Class costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

I. Awarding to Named Plaintiff, the FLSA Collective Members who join the case, and the Ohio Rule 23 Class any such other and further relief as the Court deems just and proper;

J. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K. Rendering a judgment against Defendant for all damages, relief, or any other recovery whatsoever.

**JURY DEMAND**

Plaintiff hereby demands a trial by a jury on all claims so triable.

Respectfully submitted,

*/s/ Matthew J.P. Coffman*

Matthew J.P. Coffman (Ohio Bar No. 0085586)
Shannon M. Draher (Ohio Bar No. 0074304)
Adam C. Gedling (Ohio Bar No. 0085256)
Tristan T. Akers (Ohio Bar No. 0102298)
**COFFMAN LEGAL, LLC**
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
sdraher@mcoffmanlegal.com
agedling@mcoffmanlegal.com
takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated.*